## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| **JURIJUS KADAMOVAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 2:11-cv-258-WTL-WGH** |
| | ) | |
| **CHARLES LOCKETT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for summary judgment (Dkt. No. 74.) The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the motion, for the reasons set forth below.

### I.        STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.").  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490.

Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to 'scour the record in search of evidence to defeat a motion for summary judgment.'" *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001) (citation omitted).

## II.    BACKGROUND

Jurijus Kadamovas, a federal inmate who is currently housed at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"), brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act, alleging that the Defendants violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution. The individual Defendants in this action were employed at FCC Terre Haute during all times relevant to Kadamovas's Amended Complaint.

Initially pro se,[1] Kadamovas filed a Complaint against seven named members of the prison's staff plus several "John Does" on September 28, 2011.[2] Kadamovas filed an Amended Complaint on July 22, 2014, alleging violations of his First, Fifth, and Eighth Amendment rights. Kadamovas asserts claims of excessive force used during force-feeding, excessive force used during taking blood samples, cruel and unusual punishment from being housed in an unhygienic cell, cruel and unusual punishment from being denied recreation, denial of freedom of religious practices and rights, denial of right to petition, and denial of rights to access the courts.

---

[1] Pro bono counsel entered an appearance on behalf of Kadamovas on March 5, 2014.

[2] This Court dismissed the original complaint on December 20, 2011, before an answer or other responsive pleading was filed. This Court granted leave to file an amended complaint but dismissed the suit with prejudice when Kadamovas failed to do so. Kadamovas appealed the dismissal, and the Court of Appeals reversed the judgment and remanded the case for further proceedings.

## III.   <u>DISCUSSION</u>

The Defendants filed a Motion for Summary Judgment on February 12, 2015. They first argue that Kadamovas's Claims against Defendants Tracy Heiser and Todd Royer are barred by the statute of limitations. The Defendants next argue that Kadamovas failed to exhaust his mandatory administrative remedies prior to filing suit.

### A.  Statute of Limitations

The Defendants argue that the claims against Defendants Heiser and Royer are barred by the statute of limitations.[3] Defendants Hesier and Royer were not named as defendants in the original complaint, filed September 28, 2011. Dkt. No. 1. Rather, Kadamovas identified unknown "RRT Members" and "medical personnel" as "John Does." Dkt. No. 1 at 1, 5.  In his Amended Complaint, filed on July 22, 2014, Kadamovas asserts that Defendant Heiser twice used excessive force in violation of Kadamovas's constitutional rights on or before September 30, 2010. Dkt. No. 64 at 6-9. The allegations against Defendant Royer in the Amended Complaint are that Royer and others denied the Kadamovas's First Amendment right to petition the court by obstructing his efforts to file administrative grievances and retaliated against him for attempting to do so. Dkt. No. 64 at 15. Kadamovas alleges that these obstructions and retaliation began on or about April 13, 2011, and continued for approximately 38 days. Dkt. No. 64 at 15.

Indiana's two-year statute of limitations for personal injury applies to Kadamovas's *Bivens* claims. *See* Ind. Code § 34-11-2-4; *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (applying two-year statute of limitations to *Bivens* claims). The claims against Defendant Heiser are premised on acts or omissions occurring on or before

---

[3] Kadamovas makes no argument regarding statute of limitations in his Brief in Opposition to Summary Judgment. Dkt. No. 82.

October 1, 2010. As such, the statute of limitations for such claims expired on October 2, 2012.

The claims against Defendant Royer are premised on acts or omissions occurring on or before

May 21, 2011. As such, the statute of limitations for such claims expired on May 22, 2013.

Kadamovas did not name Defendants Heiser and Royer in this cause until July 22, 2014.[4] Thus,

the claims against Heiser and Royer were untimely, and the Defendants' motion for summary

judgment is **GRANTED** as to those claims.

## B.      Exhaustion

The Defendants next argue that Kadamovas failed to exhaust his administrative remedies

as to all but one of his claims.[5] They correctly note that the Prison Litigation Reform Act

requires inmates to fully exhaust their available administrative remedies before seeking relief in

cases involving prison conditions. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85

(2006). The Bureau of Prisons' administrative remedy procedure consists of a four-step process:

the grievance must first be filed with institution staff with an informal resolution form (BP-8),

then with the Warden at the institution (BP-9), then with the Regional Office (BP-10), and

finally it must be appealed to the General Counsel's Office (BP-11).

The undisputed facts of record demonstrate that Kadamovas had used the administrative

procedure approximately 215 times before filing this lawsuit. The Defendants note that

Kadamovas fully and completely exhausted two administrative remedies during the period

---

[4] The "relation back" rule does not apply to these claims, as Kadamovas failed to name the proper party and he does not allege a mistake preventing him from naming the Defendants. *See* Fed. R. Civ. P. 15(c); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

[5] The Court notes that the Defendants do not move for summary judgment on the claim in paragraph 84 of the Amended Complaint relating to other inmates' access to Kadamovas's electronic discovery materials, as they acknowledge that claim was "properly exhausted." Dkt. No. 76 at 16.

relevant to this cause. Additionally, during the relevant time period, he filed eight other administrative remedy requests but failed to exhaust them. Further, the Defendants point to Kadamovas's failure to file an administrative remedy asserting that he was being obstructed or prohibited from filing an administrative remedy. They have filed declarations from staff members in which the staff members deny obstructing or denying Kadamovas's access to the administrative remedy forms and process.

Kadamovas, however, asserts that he exhausted his administrative remedies to the extent possible and that he no longer has administrative recourse. In a sworn declaration (Dkt. No. 87-1),[6] Kadamovas attests that prison officials repeatedly lied to him about not receiving his BP-8 and BP-9 forms and refused to take action to process his complaints. He further avers that his requests for administrative forms were sometimes completely ignored.  He asserts that when he did submit forms for processing, some of the Defendants claimed that no such grievances were ever filed. Kadamovas also identifies a time period beginning on April 13, 2011, when he alleges that the Defendants personally refused to assist him.

Viewing the facts and all reasonable inferences most favorably to Kadamovas, as the non-movant, whether Kadamovas's administrative remedies were obstructed and unavailable to him is contested. Accordingly, the Defendants' motion for summary judgment must be denied on this issue. Instead, the question of whether Kadamovas exhausted his administrative remedies or is excused from doing so must be resolved by means of an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

---

[6] "Sworn affidavits, particularly those that are detailed, specific, and based on personal knowledge are 'competent evidence to rebut [a] motion for summary judgment.'" *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (per curiam)).

## IV.   CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Dkt. No. 74) is **GRANTED IN PART** and the claims in the Amended Complaint against Defendants Heiser and Royer are dismissed with prejudice. The remainder of the Defendants' motion for summary judgment is **DENIED**. Before the status conference scheduled with Magistrate Judge Hussmann on October 2, 2015, the parties should confer and be prepared to propose a schedule for discovery in anticipation of a *Pavey* hearing.

SO ORDERED: 8/31/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

6