UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JURIJUS KADAMOVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:11-cv-258-WTL-MJD |
| ) | |
| CHARLES LOCKETT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on the Defendants' motion for summary judgment (Dkt. No. 146.) The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion, for the reasons set forth below.

**I.     STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence

of record, and "the court is not required to 'scour the record in search of evidence to defeat a motion for summary judgment.'" *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001) (citation omitted).

## II.     BACKGROUND

Jurijus Kadamovas, a federal inmate who is currently housed in the Special Confinement Unit ("SCU") of the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), brought this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act, alleging that the Defendants violated his rights under the First, Fifth, and Eighth Amendments to the United States Constitution. Initially pro se,[1] Kadamovas filed a Complaint against seven named members of the prison's staff plus several "John Does" on September 28, 2011.[2] Kadamovas filed an Amended Complaint on July 22, 2014, again alleging violations of his First, Fifth, and Eighth Amendment rights. Kadamovas asserted claims of excessive force used during force-feeding, excessive force used during the taking of blood samples, cruel and unusual punishment from being housed in an unhygienic cell, cruel and unusual punishment from being denied recreation, denial of freedom of religious practices and rights, denial of the right to petition, and denial of rights to access the courts.

On February 12, 2015, the Defendants moved for summary judgment on two grounds: (1) Kadamovas's claims against Defendants Heiser and Royer were barred by the statute of

---

[1] Pro bono counsel entered an appearance on behalf of Kadamovas on March 5, 2014.
[2] This Court dismissed the original complaint on December 20, 2011, before an answer or other responsive pleading was filed. This Court had granted leave to file an amended complaint but dismissed the suit with prejudice when Kadamovas failed to do so. Kadamovas appealed the dismissal, and the Court of Appeals reversed the judgment and remanded the case for further proceedings.

limitations; and (2) with the exception of the claim asserted in Paragraph 84 of the Amended Complaint, Kadamovas had not exhausted his mandatory administrative remedies. In his response, Kadamovas argued that the motion should be denied because his attempts at administrative exhaustion were thwarted. The Court granted the motion as to Defendants Heiser and Royer; denied the motion as to Defendants Lockett, Stephens, Edwards, Brace, Brandenburg, and Wilson; and set the case for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Following the *Pavey* hearing, the Court granted the Defendants' February 2015 motion for summary judgment, finding that Kadamovas had "fully exhausted his administrative remedies only as to the issue raised in Paragraph 84 of his Amended Complaint." Dkt. No. 118 at 8. Accordingly, all that remains is Kadamovas's claim in Paragraph 84 of the Amended Complaint: "In 2009, Kadamovas' discovery materials were placed in an empty cell, and other inmates were given access to them, destroying or damaging much of the material." Dkt. No. 64 ¶ 84.

### III. SUMMARY OF FACTUAL ALLEGATIONS

The properly supported facts of record, viewed in the light most favorable to Plaintiff Jurijus Kadamovas are as follows. Kadamovas has been incarcerated in the SCU at USP Terre Haute since April 4, 2007. At some point in 2009, prison employees placed Kadamovas's discovery materials in an empty cell. During cell rotations, other inmates were locked in the cell containing Kadamovas's material, and at least 22 disks were lost or destroyed. Additional disks may have been damaged. Some of the material that was lost or destroyed cannot be duplicated.

## IV. DISCUSSION

The Defendants' Motion for Summary Judgment filed on October 26, 2016, raises the following four arguments: (1) To the extent that Kadamovas is complaining about incidents that occurred before September 28, 2009, his claim is time-barred; (2) Kadamovas cannot establish that any of the Defendants were personally involved in giving other inmates access to Kadamovas's discovery materials, so they lack the individual participation necessary in a *Bivens* action; (3) Kadamovas cannot establish that he suffered any actual harm when other inmates accessed his discovery materials and his denial-of-access claim fails as a matter of law; and (4) even if Kadamovas could establish personal involvement and actual harm, the Defendants are entitled to qualified immunity. Because it is dispositive, the Court addresses only the third argument.

For Kadamovas to survive summary judgment on his denial-of-access claim as alleged in Paragraph 84, he is required to point to evidence of record from which a reasonable factfinder could find that (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded; and (2) he has suffered an actual injury as a result. *Lewis v. Casey,* 518 U.S. 343, 352-54 (1996); *see also Christopher v. Harbury,* 536 U.S. 403, 414-15 (2002); *Lehn v. Holmes,* 364 F.3d 862, 868 (7th Cir. 2004). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003).

The Defendants argue that Kadamovas cannot establish that he suffered any actual harm. Kadamovas, however, asserts that he "has suffered prejudice because of the ongoing loss and destruction of his legal materials. As a prisoner on death row, the loss of legal materials has had

4

a detrimental impact on Mr. Kadamovas. The destroyed and damaged legal materials pertain to his direct criminal appeal, and the loss has harmed his ability to appeal his death sentence." Dkt. No. 148 at 4. He further points out that certain discovery materials, which contain his legal notations and attorney-client data, cannot be duplicated.

Importantly, Kadamovas is represented by counsel in his criminal appeal. The Court takes judicial notice that his criminal appeal was filed in the Ninth Circuit in 2007, and it remains pending. *United States v. Kadamovas*, Cause No. 07-99009 (9th Cir.). While assistance of counsel in a criminal case does not "diminish [a prisoner's] right to adequate legal resources for the purpose of pursuing his civil suit," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009), Kadamovas has—and has had—the benefit of representation by counsel during the pendency of his criminal case and appeal, the only case he points to as being affected by the missing materials. Moreover, Kadamovas does not identify how the lost materials would have assisted him or counsel in his criminal appeal.

Nor has Kadamovas pointed to evidence to demonstrate "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006); s*ee also Campbell v. Clarke,* 481 F.3d 967, 968 (7th Cir. 2007) (holding that a prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation"). The record is devoid of any evidence of actual harm to his pending or potential litigation as a result of his inability to access the missing materials. Kadamovas thus failed to identify any action that resulted "in actual substantial prejudice to specific litigation." *See Johnson v. Barczak,* 338 F.3d 771, 773 (7th Cir. 2003) (internal quotations and citations omitted). Accordingly, summary judgment for the Defendants is appropriate.

## V. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Dkt. No. 146) is **GRANTED**.

**SO ORDERED: 1/6/17**

                                                  Hon. William T. Lawrence, Judge
                                                  United States District Court
                                                  Southern District of Indiana

Copies to all counsel of record via electronic communication.